EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte:<br><br>Asociación de Periodistas de Puerto Rico (ASPRO), El Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y El Overseas Press Club | 2014 TSPR 5<br><br>190 DPR \_\_\_\_ |

Número del Caso: MC-2014-32

Fecha: 22 de enero de 2014

Abogado de los Peticionarios:

      Lcdo. Carlos E. Díaz Olivo

Materia: Resolución del Tribunal con Votos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

Asociación de Periodistas
de Puerto Rico (ASPRO), El
Taller de Fotoperiodismo,            MC-2014-032
Inc., la Asociación de
Fotoperiodistas de Puerto
Rico y el Overseas Press Club

    Peticionarios

RESOLUCIÓN

San Juan, Puerto Rico, a 22 de enero de 2014.

Vista la *Petición Especial de Autorización para el Uso de Cámaras Fotográficas y Equipo Audiovisual en los Procesos Judiciales al Amparo de la Ley de la Judicatura del Estado Libre Asociado y del Poder Inherente y Constitucional de la Rama Judicial para Regular sus Procedimientos*, se provee no ha lugar.

En la etapa de los procedimientos en que se encuentra el caso <u>Pueblo v. Casellas Toro</u>, la petición resulta a destiempo.

Notifíquese inmediatamente a las partes por teléfono, correo electrónico o fax, y notifíquese posteriormente por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo emitió un Voto Particular de Conformidad. El Juez Asociado señor Rivera García hace constar la siguiente expresión:

Estoy conforme con la determinación que hoy alcanza este Tribunal por las razones que expresé en mi Voto Particular Disidente en <u>Ex Parte: Asociación de Periodistas de</u>

Puerto Rico, el Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y el Overseas Press Club, 2013 T.S.P.R. 137, 189 D.P.R. __ (2013), res. 27 de noviembre de 2013. Como indiqué en aquella ocasión, la enmienda que aprobamos al Canon 15 de Ética Judicial, 4 L.P.R.A. Ap. IV-B, estuvo dirigida a viabilizar el establecimiento de un proyecto **experimental** que permitiera el uso de cámaras fotográficas y de equipo audiovisual de difusión **exclusivamente** en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan. Véase, In re Enmienda al Canon 15 Ética Judicial y Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales, 2013 T.S.P.R. 45, 188 D.P.R. __ (2013). No enmendamos dicho Canon dirigido a procesos como el que hoy solicitan. Por ello, estoy conforme con declarar no ha lugar la petición presentada por los grupos periodísticos.

El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente. La Jueza Asociada señora Fiol Matta no intervino. La Juez Asociada señora Rodríguez Rodríguez no interviene.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex parte:

Asociación de Periodistas de
Puerto Rico (ASPRO), el Taller        MC-2014-032
Fotoperiodismo, Inc., Asociación
de Fotoperiodistas de Puerto
Rico y el Overseas Press Club

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 22 de enero de 2014.

Hoy pudimos alcanzar un peldaño adicional hacia el proceso reformista de mayor accesibilidad del Pueblo a la información que surge de los procesos judiciales.[1] Lamentablemente, una mayoría de este Tribunal considera que la solicitud de la prensa ha llegado tarde; a pesar de que desde hace más de 50 años consecuentemente la prensa ha realizado

---

[1] *Véase* Voto particular de conformidad del Juez Asociado señor Estrella Martínez emitido en In re: Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales Celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan, 2013 T.S.P.R 45.

reclamos similares. Como tengo confianza en la diligencia de la oficina de prensa de la Oficina de Administración de los Tribunales en la coordinación de transmisiones de procesos judiciales y en la agilidad de la prensa para cubrir noticias de interés público, no creo procedente aducir problemas logísticos para denegar esta petición. Por ello, disiento enérgicamente.

**I.**

Acuden ante este Tribunal varias organizaciones periodísticas (prensa) con una petición que no debe causarle sorpresa a nadie y que consiste en autorizar la grabación y transmisión del momento en que se emita el veredicto y la lectura de sentencia en el procedimiento judicial que se sigue contra el Sr. Pablo Casellas Toro. Exponen en su petición que "este caso de naturaleza penal ha generado gran interés del Pueblo por los diversos ángulos jurídicos, humanos e institucionales que en él confluyen". *Petición*, a la pág. 5.

En su solicitud, la prensa señala que la cubierta audiovisual de las aludidas etapas del proceso judicial no afectará el derecho que cobija al acusado de tener un juicio justo. Ello, ya que para ese momento habrá finalizado la deliberación del jurado. Además, la prensa garantiza que tomará todas las medidas para proteger la identidad de los miembros del jurado.

Cónsono con nuestro proceder ante peticiones similares, no tengo reparos en autorizar la petición de la prensa. Entendemos que su solicitud contribuye a que

avance la nueva política pública de acceso a los procesos judiciales. Asimismo, tal como lo hemos señalado, peticiones de esta naturaleza brindan la oportunidad de obtener nuevas recomendaciones e insumos al programa experimental de acceso a la prensa que instituimos hace un tiempo.

Así pues, nunca es tarde para fortalecer la tendencia de mayor apertura y acceso a la prensa a los procesos que se ventilan en los foros judiciales. Esta Curia hizo lo propio al prácticamente aprobar un nuevo Canon 15 de Ética Judicial, en el cual quedó enmarcada la nueva política de acceso. Así, más allá de las controversias que se dilucidan en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan, hemos dado pasos de gran avance al aprobar la grabación y transmisión audiovisual de la etapa final de un procedimiento judicial criminal y la vista oral donde se dilucidaron las correspondientes posturas con respecto a la constitucionalidad de la reforma del sistema de retiro de la judicatura.

Hoy no debe ser la excepción. No se justifica que otorguemos un trato distinto a la solicitud de la prensa en este particular procedimiento judicial. Ello, pues, los gremios periodísticos se han comprometido a regirse por el Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales. Asimismo, existen mecanismos para proteger la seguridad de

los miembros que componen el jurado, al momento de la difusión de la información objeto de esta petición.

La garantía de la prensa viene respaldada por sus acciones responsables en eventos recientes, tales como el acto de lectura de sentencia en un caso criminal en la Sala Superior de Caguas y la reciente vista oral ante este Tribunal. A su vez, entendemos que la coordinación que ha hecho en el pasado la división de prensa de la Oficina de Administración de los Tribunales (OAT) con las organizaciones periodísticas ha permitido que las correspondientes transmisiones de los procesos judiciales se lleven a cabo sin menoscabar la solemnidad y el decoro que debe caracterizar estos procesos.

## II.

En virtud de lo anteriormente expuesto, proveería ha lugar a la solicitud de la prensa.

Luis F. Estrella Martínez
Juez Asociado